STATE AUTOMOBILE MUTUAL INS. CO., APPELLEE, *v.* REILLY, APPELLANT.

(No. 5218—Decided September 26, 1955.)

*Messrs. Gingher & Christensen,* for appellee.

*Mr. Clifford L. Rose* and *Mr. Walter J. Siemer,* for appellant.

*Per Curiam.* This is an appeal on questions of law from the Municipal Court of Columbus. The case was tried without a jury. Judgment was rendered for the plaintiff in the amount of $527.57.

This was an action for damages which arose out of an automobile collision which occurred on September 17, 1951, at the intersection of College Avenue, Livingston Avenue and Berwick Boulevard in the city of Columbus. College and Livingston Avenues intersect at right angles. Berwick Boulevard extends from such intersection in a southeasterly direction, between south College Avenue and east Livingston Avenue. An automatic traffic signal controls the flow of traffic at the intersection. The traffic signal lights were so synchronized that motor vehicles proceeding south on College Avenue received the green light at the same time that motor vehicles proceeding northwest on Berwick Boulevard received the green light. Vehicles so proceeding received the ''go'' signal at the same instant.

Plaintiff's insured, Mr. Geise, was proceeding in a southerly direction on College Avenue, approaching the intersection, when the signal light turned green, and he proceeded to cross the intersection, intending to drive straight across the intersection and proceed into south College Avenue. The defendant, Reilly, was proceeding in a northwesterly direction on Berwick Boulevard and was required to stop at the intersection by the red light. When the green light was flashed, he proceeded into the intersection following a bus, which obscured his vision of traffic coming south on College Avenue. Reilly was making a left turn in about the center of the intersection, intending to proceed in a westerly course on Livingston Avenue, when the impact occurred. Reilly claims he did not see the Geise automobile until immediately before the impact because of the bus which was in front of him and which proceeded across the intersection, going north on College Avenue. The evidence is conflicting as to how far Reilly had proceeded in making a left turn, and how far his automobile was across the center line of College Avenue.

One of the specifications of negligence was that the defendant, Reilly, failed to yield the right of way. There is evidence which would justify a finding that Reilly had crossed the center line of College Avenue, was headed in a westerly direction on Livingston Avenue, was partly obstructing the path of southbound vehicles on College Avenue and at the time of the impact was in motion.

144

Counsel stated in oral argument that the trial court applied the provisions of Section 6307-41, General Code (Section 4511.42, Revised Code), which provides:

"The operator of a vehicle, street car or trackless trolley within an intersection intending to turn to the left shall yield the right-of-way to any vehicle, street car or trackless trolley approaching from the opposite direction."

Defendant, appellant herein, claims that this section has no application, contending that he was not "approaching from the opposite direction." True, vehicles approaching the intersection on Berwick Boulevard did make the approach from a slight angle, but in our opinion the angle was not sharp enough to render this section inapplicable. The direction from which the Geise automobile was approaching was substantially in the opposite direction to the Reilly automobile.

We reject the contention of defendant that Section 6307-13 (a) 2, General Code, now Section 4511.13 (A) (2), Revised Code, should have been applied.

We do not find the judgment to be contrary to law or against the manifest weight of the evidence. The assignments of error respecting plaintiff's right of subrogation, the amount of recovery, and the admission of evidence, are not well made.

*Judgment affirmed.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.